UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VIRGIL GRIFFIN,                          )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )        No. 1:19-cv-04886-JRS-TAB
                                         )
MICHAEL MITCHEFF, et al.                 )
                                         )
              Defendants.                )

**Order Granting Defendants Christina Conyers, Isaac Randolph, and
Dushan Zatecky's Motion for Summary Judgment**

Plaintiff Virgil Griffin, an Indiana inmate, brought this action under 42
U.S.C. § 1983 alleging that defendants Christina Conyers, Isaac Randolph, and
Michael Mitcheff violated his Eighth Amendment rights when they failed to
reinstate breathing treatments that were discontinued by medical professionals.
Ms. Conyers, Mr. Randolph, and Mr. Zatecky jointly moved for summary
judgment. Because these individuals reasonably responded to Mr. Griffin's
grievances, the motion for summary judgment, dkt. [59], is **granted**.

## I. Summary Judgment Standard

A court must grant summary judgment if "there is no genuine dispute as
to any material fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of
the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving
party must inform the court "of the basis for its motion" and specify evidence
demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v.
Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the

1

nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Mr. Griffin failed to respond to the summary judgment motion. Accordingly, the facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that

2

the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.") This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts and Background

### A. The Parties

At all times relevant to the first amended complaint, Mr. Griffin was housed at Pendleton Correctional Facility ("PCF").

Defendants Dushan Zatecky, Christina Conyers, and Isaac Randolph (hereinafter "State Defendants") were employed by the Indiana Department of Correction ("IDOC") during the time relevant to Mr. Griffin's complaint. Dkt. 30 at ¶ 1. Mr. Zatecky served as Warden of PCF, Ms. Conyers was the Offender Grievance Specialist at PCF, and Mr. Randolph was the Offender Grievance Manager for IDOC. *Id.*

### B. Mr. Griffin's Medical Treatment

After experiencing chest pains for over a year, Mr. Griffin received a prescription for breathing treatments in late August 2019. Dkt. 11 at 4. The prescription called for Mr. Griffin to receive a breathing treatment one or two times a day, as needed. *Id.* Despite having a prescription for breathing treatments and frequently requesting them, Mr. Griffin did not receive several

breathing treatments.[1] *Id.* He filed grievances and a tort claim notice related to the missed breathing treatments. *Id.* at 5. Eventually, Mr. Griffin's prescription for breathing treatments was discontinued. *Id.*

**C. Grievances Related to Denial of Breathing Treatments**

In September 2019, Mr. Griffin filed two formal grievances complaining that he did not receive breathing treatments on two separate occasions. Dkt. 61-2 at 10, 13. Ms. Conyers emailed Health Services Administrator ("HSA") Linda Frye about Mr. Griffin's complaints. *Id.* at 15. HSA Frye responded that she would "discuss with nurses regarding breathing treatments" and "also check to see what [Mr. Griffin's] pulmonary function test actually showed." *Id.* Ms. Conyers then responded to Mr. Griffin's grievance and stated there was "no other relief" she could offer. *Id.* at 9.

Mr. Griffin appealed Ms. Conyer's response to his grievance. *Id.* at 5-7. Warden Zatecky's response to the appeal stated:

> I do not find evidence of anything other than a break down in communication. HSA Frye has stated that she has addressed the issue with her staff and will review your tests to ensure you are receiving the correct treatment.
>
> Based on this I find no further remedy is available.

*Id.* at 4.

---

[1] Mr. Griffin has filed another complaint under 42 U.S.C. § 1983 related to the failure to provide the prescribed breathing treatments. *See Griffin v. Holmes, et al.*, 1:19-cv-04440-JPH-MJD.

Mr. Griffin appealed Warden Zatecky's response to his grievance. *Id.* at 2-3. Mr. Randolph reviewed the documents and concurred with the responses. *Id.* at 1.

## D. Grievance Related to Discontinuation of Breathing Treatments

In October 2019, Mr. Griffin filed a third formal grievance. Dkt. 61-3 at 11. He stated that his breathing treatments were being discontinued "because of orders from Central Office, which has nothing to do with providing me medical treatment." *Id.* Ms. Conyers asked HSA Frye for a response to Mr. Griffin's complaint. *Id.* at 13. HSA Frye said, "The Regional Medical Director reviewed all inmates that were on breathing treatments and discontinued several of them. You may submit a [health care request form] if you want to discuss this with a Provider." *Id.* Ms. Conyers denied Mr. Griffin's grievance based on the information provided by HSA Frye. *Id.* at 10.

Mr. Griffin appealed the denial of his grievance to Warden Zatecky. *Id.* at 5-7. He highlighted the fact that his breathing treatments were discontinued by the Regional Medical Director without examining Mr. Griffin. *Id.* at 7. Warden Zatecky's response to the appeal was as follows:

> I am not a medical professional and in cases such as this, I must rely upon the judgment of those staff that are. Based on the response from HSA Frye, your case has been reviewed and it is the Regional Medical Director's judgment that your breathing treatments [sic] are no longer necessary.
>
> Based on this I find no further remedy available at this time.

*Id.* at 5.

5

Mr. Griffin appealed Warden Zatecky's response to his grievance. *Id.* at 3-4. Mr. Randolph denied this appeal, stating:

> After review of the medical record the facility response is accurate and appropriate at this time. It is not indicated that you need to have the required treatment that you are requesting. Should you feel the need for that type of treatment please contact the medical department via healthcare request form to be seen [and] evaluated if necessary.
>
> . . .
>
> Your appeal was referred to the Division of Clinical Health Services for review. In consultation with Department Medical personnel, your records have been reviewed and care is appropriate at this time.

*Id.* at 1.

### III. Analysis

Mr. Griffin asserts that Ms. Conyers, Warden Zatecky, and Mr. Randolph displayed deliberate indifference to his serious medical needs when they failed to act on his grievances concerning his breathing treatments. Dkt. 11 at 6-7, 9-10. Ms. Conyers, Warden Zatecky, and Mr. Randolph seek summary judgment arguing that they reasonably responded to Mr. Griffin's grievances and justifiably relied on the decisions of medical professionals concerning Mr. Griffin's medical treatment.

Because Mr. Griffin is a convicted prisoner, his medical treatment is evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Eighth Amendment "protects prisoners from prison

6

conditions that cause the wanton and unnecessary infliction of pain." *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). "To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical conditions, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 772, 727-28 (7th Cir. 2016) (en banc). The defendants do not dispute that Mr. Griffin's need for breathing treatments constitutes a serious medical condition.

"[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (quoting *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)). An inmate's correspondence to a prison official may provide sufficient knowledge of a constitutional deprivation. *Id.* at 781-82. "[O]nce an official is altered to an excessive risk to inmate safety or health through [an inmate's] correspondence, refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Id.* at 782.

But if, upon learning of an inmate's complaints, a prison official reasonably responds to those complaints, the prison official lacks a "sufficiently culpable state of mind" to be deliberately indifferent. *See Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006) (finding grievance counselor did not violate the Eighth Amendment where he researched inmate's complaint, learned that medical professionals had seen and diagnosed inmate with medical

condition and determined that surgery was not required); *Burks v. Raemisch*, 555 F.3d 592, 594-95 (7th Cir. 2009) (affirming grant of summary judgment to prison complaint examiner who denied grievance as untimely "because she carried out her job exactly as she was supposed to"); *see also Jackson v. Ill. Medi- Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) ("Even if he recognizes the substantial risk [to an inmate's health or safety], an official is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).

Ms. Conyers, Warden Zatecky, and Mr. Randolph are entitled to summary judgment because the undisputed facts establish that they reasonably responded to Mr. Griffin's grievances. After receiving Mr. Griffin's grievances, Ms. Conyers investigated them by seeking input from HSA Frye. *See* dkt. 61-2 at 15; dkt. 61-3 at 13. Ms. Conyers used the information provided by HSA Frye to conclude that she could not provide additional relief. Both Warden Zatecky and Mr. Randolph reviewed all of the documentation before denying further relief. Dkt. 61-2 at 1, 4; dkt. 61-3 at 1, 5. Additionally, Mr. Randolph took the additional step of referring Mr. Griffin's grievance about the discontinuation of breathing treatments to the Division of Clinical Health Services for review. Dkt. 61-3 at 1. None of these defendants exhibited deliberate indifference to Mr. Griffin. *See Johnson*, 433 F.3d at 1010-11.

## IV. Conclusion

For the reasons discussed above, defendants Christina Conyers, Isaac Randolph, and Dushan Zatecky's motion for summary judgment, dkt. [59], is **granted**.

No partial judgment shall issue at this time as Mr. Griffin's claims against defendants Lyn Frye and Michael Mitcheff remain pending. The **clerk is directed** to terminate Christina Conyers, Isaac Randolph, and Dushan Zatecky as defendants on the docket.

**IT IS SO ORDERED.**

Date: 6/15/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VIRGIL GRIFFIN
998996
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov